FILED
June 27, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003594188

DANIEL S. WEISS, ESQ. (SBN 91930)
LAW OFFICES OF DANIEL S. WEISS
2277 Fair Oaks Blvd., Suite 495
Telephone (916) 569-1610
Facsimile (916) 569-1612
e-mail: dweiss@danielweisslaw.com

Attorney for Debtor
THERESA ANN KIMBROUGH

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>THERESA ANN KIMBROUGH,<br><br>Debtor. | Case No. 09-44768-C-7<br><br>MCN: DSW-001<br><br>MOTION TO REQUIRE TRUSTEE TO ABANDON PROPERTY OF THE ESTATE<br><br>DATE: July 12, 2011<br>TIME: 10:00 a.m.<br>DEPT: C<br>Courtroom: 35 – 6th Floor |

NOW COMES THERESA ANN KIMBROUGH, Debtor in the above-entitled matter, and, in support of her Motion to Require Trustee to Abandon Property of the Estate, represents unto the court as follows:

1. Debtor filed her petition under Chapter 7 of the Bankruptcy Code on November 12, 2009.

2. MICHAEL BURKART is the duly appointed as the Chapter 7 Trustee in this case.

3. Among the assets scheduled by Debtor is a civil action against the City of Sacramento, which was pending at the time of the filing of the Petition for Relief. The case is entitled: "Theresa Kimbrough v City of Sacramento, et al"; Case No. 34-2009-00038236 ("the state

1

court action").

4. Debtor claims an exemption in the proceeds of any settlement or judgment in the state court action to the extent of $21,079.

5. The Chapter 7 Trustee retained Richard R. Johnson, Esq. (the attorney who had been acting as counsel for the Debtor-Plaintiff) as special counsel for the Trustee.

6. The state court action is now set for a mandatory settlement conference on July 7, 2011 and for trial on August 8, 2011.

7. Defendant CITY OF SACRAMENTO has served upon the Plaintiff in the state court action an offer of judgment under California Code of Civil Procedure Section 998, offering to waive costs and fees in the event that the action is dismissed with prejudice within the time provided for accepting the offer (otherwise it will be deemed rejected as a matter of law).

8. The Trustee has told Debtor's counsel that, in the estimation and opinion of the Chapter 7 Trustee, there is inconsequential value in this case for the benefit of the unsecured creditors of the Debtor, that the cost and time necessary to litigate the matter would be unduly burdensome to the estate, and that the Trustee desires either to dismiss the state court action or to abandon it back to the Debtor for her to pursue as her own asset.

9. Due to the Debtor's claim of exemption in this action, Debtor does not want the Trustee to dismiss the state court action, and she represents to the Court that it would not be appropriate for the Trustee to dismiss it.

10. The bankruptcy estate has no other assets, but cannot now be closed because there is a pending motion for relief from stay, which has been continued several times to permit the Debtor to negotiate a modification of her home loan, and the Debtor's discharge in the case has

2

been deferred for that purpose.

11. In light of the foregoing, Debtor believes it necessary for the Court to issue an order requiring the Chapter 7 Trustee to abandon the state court action back to the Debtor.

WHEREFORE, Debtor respectfully moves the Court, pursuant to the provisions of 11 USC §554(b) and Bankruptcy Rule 6007(b), to require the Chapter 7 Trustee to abandon the state court action to the Debtor prior to the closing of the estate, and to grant the grant such further and other relief as the Court deems just and proper.

LAW OFFICES OF DANIEL S. WEISS
Attorney for the Debtor

Dated: June 27, 2011.            By:      /s/ Daniel S. Weiss